# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **DAVID CHIMINELLO**, | ) | |
| | ) | |
| Plaintiff, | ) | **C.A. No.:** |
| | ) | |
| v. | ) | |
| | ) | |
| **CAPITAL ONE BANK (U.S.A.),** | ) | |
| **N.A.,** | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| Defendant. | ) | |

## COMPLAINT

DAVID CHIMINELLO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK (U.S.A.), N.A. ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Massachusetts, thus, personal jurisdiction is established.

- 1 -

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Abington, Massachusetts 02351.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Defendant is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone that he has had for at least one year.

11.     Plaintiff has only used this phone as a cellular telephone.

12.     Beginning in or around the spring or summer of 2015 and continuing thereafter, Defendant contacted Plaintiff repeatedly each week, often multiple times.

13.     Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

PLAINTIFF'S COMPLAINT

14.     Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded voice or message before calls were transferred to one of Defendant's representatives, or the calls would be completely silent before ending.

15.     Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an alleged credit card balance.

16.     Desiring to stop the repeated telephone calls, Plaintiff advised Defendant's collectors that he no longer wanted to be contacted on his cellular telephone and advised Defendant to stop calling when calls first began in the spring or summer of 2015, thereby revoking any consent that may have been given to Defendant to contact him.

17.     Once Defendant was informed that its calls were unwanted and to stop, there was no lawful to making further calls, nor was there any good faith reason to place calls.

18.     However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone.

19.     Rather, Defendant continued to call Plaintiff on his cellular telephone multiple times per week through late October 2016.

PLAINTIFF'S COMPLAINT

20.     It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone and as such Plaintiff took measures to block Defendant's calls.

21.     Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

22.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

24.     Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25.     Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

26.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

PLAINTIFF'S COMPLAINT

27. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

28. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

29. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

30. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

PLAINTIFF'S COMPLAINT

33.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID CHIMINELLO, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.     Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.     Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.     Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

1

2

**DEMAND FOR JURY TRIAL**

3

4

PLEASE TAKE NOTICE that Plaintiff, DAVID CHIMINELLO, demands

5

a jury trial in this case.

6

RESPECTFULLY SUBMITTED,

7

8

Dated: September 11, 2017          /s/ Craig Thor Kimmel
                                   Craig Thor Kimmel
9                                  Kimmel & Silverman, P.C.
                                   30 East Butler Pike
10                                 Ambler, PA 19002
                                   Phone: (215) 540-8888
11                                 Facsimile: (877) 788-2864
                                   Email: kimmel@creditlaw.com
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                    - 7 -
28
                         PLAINTIFF'S COMPLAINT